CLARE E. CONNORS          7936
Attorney General of the State of Hawai'i

NICHOLAS M. MCLEAN       10676
EWAN C. RAYNER              10222
WILLIAM M. LEVINS          10295
CRAIG Y. IHA                    7919

Deputy Attorneys General
Dept. of the Attorney General
425 Queen Street
Honolulu, Hawai'i 96813

Attorneys for Governor DAVID IGE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| HOLLY CARMICHAEL; TIMOTHY AARON CARMICHAEL; BROOKE MCGOWAN; and RUSSELL HIRSCH, <br><br> Plaintiffs, <br><br> v. <br><br> DAVID IGE, in his official capacity as Governor of the State of Hawai'i, <br><br> Defendant. | Case No. 1:20-cv-00273-JAO-WRP <br><br> **DEFENDANT'S RESPONSE TO THE COURT'S JUNE 23 EO (DKT. 27); CERTIFICATE OF SERVICE** <br><br> <u>District Judge</u>: Hon. Jill A. Otake <br><br> <u>Magistrate Judge</u>: Hon. Wes Reber Porter <br><br> <u>Hearing</u>: July 2, 2020, at 11:00 AM |

## DEFENDANT'S RESPONSE TO THE COURT'S JUNE 23 EO (DKT. 27)

Governor DAVID IGE ("**Defendant**") submits this response to the Court's entry order ("**EO**") of June 23, 2020 (Dkt. 27) regarding the *Statement of Interest on Behalf of the United States* (Dkt. 26). In a recent case, the United States Supreme Court reaffirmed that "[i]n our adversarial system of adjudication, we follow the principle of party presentation." *United States v. Sineneng-Smith*, 140 S. Ct. 1575, 1579 (2020). The Court emphasized that ordinarily *the parties* frame the issues—not outsiders to the litigation. Although it has filed a "Statement of Interest,"[1] the United States is not a party to this case. It is Plaintiffs who should determine the scope of their claims. As the Court noted (Dkt. 27), Plaintiffs do not mention the Privileges and Immunities Clause in their complaint, and they have neither raised such a claim in their TRO motion nor supported it with declarations. There clearly have been no legal or factual predicates established that would justify this Court's consideration of such a claim.[2]

---

[1] The United States has sought leave to file Statements of Interest in other contexts. *See, e.g.*, *United States ex rel. Scott v. Arizona Ctr. for Hematology & Oncology, PLC*, No. CV-16-03703-PHX-DGC, 2020 WL 2059926, at *17 (D. Ariz. Apr. 29, 2020) (noting that the United States sought "leave to file a statement of interest"). Such statements are often filed in *qui tam* actions, where the government has the right to intervene—a circumstance not present here.

[2] In fact, one of the Plaintiffs, Brooke McGowan, clearly lacks standing to assert a Privileges and Immunities claim because she is a Hawaiʻi resident. *See United Building & Construction Trades Council v. Camden*, 465 U.S. 208, 217 (1984) (in-state residents "have no claim under the Privileges and Immunities Clause").

Against this backdrop, the United States' invitation to this Court to "hold that" the self-quarantine "effectively discriminates against out-of-state residents" and thus "likely violates Article IV's Privileges and Immunities Clause," Statement at 17, is highly unusual: The claim the United States discusses is not the claim Plaintiffs have asserted. To issue a sweeping injunction on this basis, in a highly expedited proceeding, would invalidate an important statewide policy in a manner deemed inappropriate by the Supreme Court.[3] Other courts have reached similar conclusions, finding consistent with this Court's EO that a "statement of interest is comparable to an unsolicited amicus brief." *United States ex rel. Sullivan v. Atrium Med. Corp.*, 2015 WL 13799759, at *6 (W.D. Tex. June 15, 2015). A Statement of Interest, like an amicus brief, "should be limited to the issues raised by the parties[.]" Dkt. 27.[4]

---

[3] For the injunctive relief Plaintiffs seek, it is fundamental that they must show that they are likely to succeed on their own claims, not the claims of a third party not before the Court. *See Pimentel v. Dreyfus*, 670 F.3d 1096, 1106 (9th Cir. 2012).

[4] In any event, no Article IV Privileges and Immunities Clause claim is possible. "The threshold matter in any Privileges and Immunities Clause case is whether a challenged law 'fall[s] within the purview' of the Clause. A plaintiff must show that the challenged law treats nonresidents differently from residents *and impinges upon a 'fundamental' privilege or immunity protected by the Clause*." *Marilley v. Bonham*, 844 F.3d 841, 846 (9th Cir. 2016) (quotation omitted) (emphasis added). Plaintiffs cannot make that showing, because "it is only with respect to those 'privileges' and 'immunities' bearing on the vitality of the Nation as a single entity that a State must accord residents and nonresidents equal treatment." *Supreme Court of New Hampshire v. Piper*, 470 U.S. 274 (1985) (quotation omitted).

If the Court decides to consider the unalleged, freestanding claim asserted by a non-party, Defendant respectfully requests leave to file a separate response addressing those new arguments on the merits. *See, e.g.*, *U.S. ex rel. Gudur v. Deloitte Consulting LLP*, 512 F. Supp. 2d 920, 928 (S.D. Tex. 2007) (striking improperly-filed Statement of Interest, but suggesting that "if the court were to deny [defendant]'s motion to strike, [defendant] would be entitled to answer the United States' arguments").

DATED: Honolulu, Hawaiʻi, June 24, 2020.

/s/ Nicholas M. McLean
NICHOLAS M. MCLEAN
CRAIG Y. IHA
EWAN C. RAYNER
WILLIAM M. LEVINS
Deputy Attorneys General

Attorneys for Governor DAVID IGE

---

Additionally—and crucially—the self-quarantine requirement does not discriminate against non-residents *at all*. It treats non-residents exactly the same as returning residents, since both are subject to its requirements. Moreover, the Clause "does not preclude disparity of treatment in the many situations where there are perfectly valid independent reasons for it." *Toomer v. Witsell*, 334 U.S. 385, 396 (1948). The protection of public health is manifestly a valid reason, not an improper one. Nor does the analysis in the Statement of Interest seriously grapple with the test required by *Jacobson v. Massachusetts*, 197 U.S. 11 (1905)—which prescribes a highly deferential review.