ERIC S. DREIBAND, Assistant Attorney General
ALEXANDER V. MAUGERI, Deputy Assistant Attorney General
United States Department of Justice, Civil Rights Division
Office of the Assistant Attorney General
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530
Tel: (202) 514-4609; Fax: (202) 514-8490
Alexander.Maugeri@usdoj.gov

KENJI M. PRICE, United States Attorney (#10523)
SYDNEY SPECTOR, Assistant United States Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Tel: (808) 541-2850; Fax: (808) 541-3752
Sydney.Spector@usdoj.gov

Attorneys for UNITED STATES OF AMERICA

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HOLLY CARMICHAEL, *et al.*, | |
| *Plaintiffs*, | |
| v. | Case No. 1:20-cv-00273 JAO-WRP |
| DAVID IGE, in his official capacity as the Governor of the State of Hawaii, | |
| *Defendant*. | |

## UNITED STATES' RESPONSE TO COURT'S JUNE 23, 2020 ORDER

**United States' Authority:**  The United States filed its Statement of Interest under 28 U.S.C. § 517, which authorizes the Attorney General "to attend to the interests of the United States in a suit pending in a court of the United States . . . or to attend to any other interest of the United States."  The United States has a long history of using this authority in private suits, filing over 600 statements of interest since 1925.  Victor Zapana, Note, *The Statement of Interest as a Tool in Federal Civil Rights Enforcement*, 52 Harv. C.R.–C.L. L. Rev. 227, 228-29 (2017).  Legion cases confirm that Section 517 authorizes it to file statements of interest without leave of court.[1]  "Pursuant to 28 U.S.C. § 517, the United States may submit a statement in a case expressing its views on relevant issues in which it has an interest."  *Wortman v. All Nippon Airways*, 854 F.3d 606, 617 (9th Cir. 2017).  A statement of interest is not an "amicus brief" subject to local rules whereby leave must be sought to file.  While, as this Court noted, the "Ninth Circuit has compared a § 517 statement to an amicus brief" for which leave is required, Section 517 provides clear statutory authority for the United States to attend to its interests in any court or proceeding to which it is not a party.  Even if a statement of interest

---

[1] See, *e.g.*, *Gil v. Winn Dixie Stores, Inc.*, 242 F. Supp. 3d 1315, 1317 (S.D. Fla. 2017); *Karnoski v. Trump*, No. 18-51013, 2018 WL 4501484, at *2 (E.D. Mich. Sept. 20, 2018); *Vassallo v. Rural/Metro Corp.*, No. 15-00119, 2017 WL 4570706, at *2 n.2 (D. Ariz. Oct. 5, 2017).  The Department previously has filed a statement of interest in this Court.  *See Faith Action for Cmty. Equity v. Haw. Dep't of Transp.*, No. 13-CV-00450, 2015 WL 309504 (D. Haw. Jan. 13, 2015).

were comparable to a mere amicus brief, the rules give the United States the right

to "file an amicus brief without the consent of the parties or leave of court."  Fed.

R. App. P. 29(a)(2).  Local Rule 7.2 sets briefing limitations for *parties* and does

not limit the United States' congressionally conferred Section 517 authority.

**United States' Interest:**  The Federal Government holds the discretion to weigh in

on controversies when it determines that its interests are implicated.  Section 517

entrusts the Attorney General, not courts, with the obligation to determine the

contours of the United States' "interests."  *See, e.g.*, *United States ex rel. Prather v.*

*Brookdale Senior Living Cmtys., Inc.*, 892 F.3d 822, 833 n.6 (6th Cir. 2018) ("The

legislative branch has created the scheme that gives the executive branch the

ability to 'attend to the interests of the United States,' 28 U.S.C. § 517, as it—not

we—may choose."); *Roeder v. Islamic Republic of Iran*, 195 F. Supp. 2d 140, 158

(D.D.C. 2002).  Section 517 is "drawn so that a court would have no meaningful

standard against which to judge the [Government]'s exercise of discretion."

*Heimberger v. Pritzker*, No. 2:12-01064, 2014 WL 1050341, at *6 (S.D. Ohio Mar.

17, 2014).  Thus, whether the Government's interests are at stake in a particular

dispute is committed to the discretion of the Government, and that judgment is not

properly subject to judicial review.  *See Turner v. Schultz*, 187 F. Supp. 2d 1288,

1294 (D. Colo. 2002) (reading § 517 as "committing the decision-making to the

agency's judgment absolutely").  Nonetheless, the United States has properly

exercised its discretion here.  Protecting individual liberty is also a core function of the Department of Justice and it regularly files statements of interest.  It did so here as part of the Attorney General's initiative to ensure that civil liberties are protected during the COVID-19 pandemic.

**Scope of the Issues:**  The United States has not sought to expand this litigation's scope.  Plaintiffs argued that the Governor's Proclamations violated their constitutional "right to travel," *e.g.*, Compl. ¶¶ 75-88, including their "right to travel between states of the United States," *e.g.*, TRO Mot. 14.  Although Plaintiffs specifically invoked the Fifth Amendment, *e.g.*, TRO Mot. 11, the United States does not understand them to be *limiting* their "right to travel" claim to that particular constitutional provision.  Indeed, the Supreme Court does not always firmly specify the source of its aspects.  *See Jones v. Helms*, 452 U.S. 412, 418–19 (1981) ("The right to travel has been described as a privilege of national citizenship, and as an aspect of liberty that is protected by the Due Process Clauses").  The United States focused on the Privileges and Immunities Clause source, *see Saenz v. Roe*, 526 U.S. 489, 500 (1999), because that component is of particular interest to the federal government, see *id. at* 501-02 (without these protections "the Republic would have constituted little more than a league of States").  At a minimum, that statement will remain relevant if, at the Court's behest, Plaintiffs amend their complaint to plead their "right to travel" claim with greater specificity.

4

DATED: June 24, 2020, at Honolulu, Hawaii.

Respectfully submitted,

ERIC S. DREIBAND
Assistant Attorney General

ALEXANDER V. MAUGERI
Deputy Assistant Attorney General

KENJI M. PRICE
United States Attorney

/s/ Sydney Spector
By_____
SYDNEY SPECTOR
Assistant United States Attorney


Attorneys for UNITED STATES OF AMERICA

5