JAMES HOCHBERG (HI Bar No. 3686)
ATTORNEY AT LAW, LLLC
700 Bishop St., Ste. 2100, Honolulu, HI 96813
Telephone: (808) 256-7382
E-mail: jim@jameshochberglaw.com

HARMEET DHILLON (Pro Hac Vice)
MARK P. MEUSER (Pro Hac Vice)
GREGORY R. MICHAEL*
DHILLON LAW GROUP
177 Post Street, Suite 700
San Francisco, CA 94108
Telephone: (415) 433-1700
E-mail: harmeet@dhillonlaw.com
*(Application for Admission pro hac vice forthcoming)

Counsel for Plaintiffs

# UNITED STATES DISTRICT COURT FOR

# THE DISTRICT OF HAWAII

| | |
|---|---|
| **HOLLY CARMICHAEL**, et al.,<br><br>    Plaintiffs,<br>    v.<br><br>**DAVID IGE**, et al.,<br><br>    Defendants. | Case No.: 1:20-cv-00273 JAO-WRP<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE UNITED STATES' STATEMENT OF INTEREST FILED JUNE 23, 2020**<br><br>    TYPE: CIVIL<br>    JUDGE: JILL A. OTAKE<br>    NO TRIAL DATE |

# PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE UNITED STATES' STATEMENT OF INTEREST FILED JUNE 23, 2020

Plaintiffs, by and through their undersigned attorneys, pursuant to this Court's EO (filed June 23, 2020 as ECF No. 27), file this Memorandum in Support of the United States' Statement of Interest (filed June 23, 2020 as ECF No. 26).

The EO instructs the United States to: (1) explain if it is permitted to submit a Statement of Interest ("SOI") without the Court's leave; (2) identify an interest;[1] and (3) articulate why its involvement is proper when it seeks to expand the scope of this litigation. (ECF No. 27.) The EO also permits plaintiffs to respond. (*Id.*)

## ARGUMENT

### I. An SOI Under 28 U.S.C. § 517 Does Not Require the Court's Leave

One basis for the Court's question regarding the United States' filing a SOI without leave is that (1) SOIs have been likened to amicus briefs, and (2) non-parties must seek leave before filing amicus briefs. (ECF No. 27) (citing *M.R. v. Dreyfus* ("*Dreyfus*"), 697 F.3d 706, 735 (9th Cir. 2012) *and Engine Mfrs. Ass'n v. S. Coast Air Quality Mgmt. Dist.*, 498 F.3d 1031, 1043 (9th Cir. 2007). However, no courts have cited to *Dreyfus* as support for the proposition that a 28 U.S.C. § 517 SOI requires leave of the court before filing.

---

[1] Plaintiffs do not discuss this factor, as we cannot speak for the United States as to its interest in the case.

1

Plaintiffs respectfully submit that the United States is not required to file a motion for leave before it may file a SOI under 28 U.S.C. § 517. *See Gil v. Winn Dixie Stores, Inc.* 242 F.Supp.3d 1315 (S.D. Fla. 2017) ("28 U.S.C. § 517, which allows an officer of the Department of Justice . . . to file a [SOI], contains no time limitation and does not require the Cour's leave."). Though case law shows that SOIs are sometimes preceded by a motion for leave to file, such motions under 28 USC § 517 are viewed as formalities, not prerequisites. *See e.g., Vassallo v. Rural/Metro Corp.*, No. CV-15-00119, 2017 WL 4570706, at *2, n.2 (D. Ariz. Oct. 5, 2017) ("The Court acknowledges that a separate motion for leave to file a [SOI] under Section 517 may be a formality, as the Government [is entitled] to file such a statement 'in any case in which it is interested'").

## II. The SOI May Discuss the Privileges and Immunities Clause Because It is Part and Parcel of the Constitutional Right to Travel

The Court raised a question regarding the SOI's discussion of the Privilege & Immunities Clause in depth, while the Clause is not mentioned in Plaintiffs' Complaint or Temporary Restraining Order ("TRO") Application. (ECF No. 27.) Plaintiffs could not find any authority that the U.S. SOI should be limited to the issues raised by the parties and the Defendant did not cite any such authority in their Reply Brief. (ECF No. 28.)

The U.S. SOI mentioned the Privileges & Immunities Clause as a basis for the fundamental right of travel (ECF No. 26, p. 6), which is extensively discussed

in Plaintiffs' Complaint (ECF No. 1, pp. 17-21) and TRO Application (ECF No. 12, pp. 11-18), albeit in reference to the Fifth Amendment, which is often cited by courts as a source of this right. An U.S. SOI is properly permitted when it fleshes out the plaintiff's claims, as the U.S. is doing in this case by analyzing the Article IV component of the constitutional right to travel. *See United States ex rel. Johnson v. Golden Gate Nat'l Senior Care, LLC*, No. 08-CV-1194, 2016 WL 11031222, at *2 (D. Minn. June 1, 2016) (allowing U.S. statement of interest because, inter alia, it "address[es] two issues of [federal law] interpretation . . . that were not fully addressed in Relator's brief"). U.S. SOIs may even go so far as to recommend a particular disposition for a pending motion, or refer to other grounds for dismissal, such as the "presence of superior alternative and exclusive remedies." *Republic of Austria v. Altmann*, 541 U.S. 677, 714 (2004) (J. Breyer, concurring).

    Accordingly, Plaintiffs respectfully request the Court to consider the SOI which supports Plaintiffs' claims in this case.

Dated: June 24, 2020

Dhillon Law Group, Inc.

/s/ Mark P. Meuser
Harmeet K. Dhillon, Esq.
Mark P. Meuser, Esq.

James Hochberg, Esq.
Attorneys for Plaintiffs